GARY M. RESTAINO
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
AZ Bar. No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | 23-CR-02117-TUC-RM-1 |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Everardo Rodriguez Herrera, | |
| Defendant. | |

The United States of America respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is scheduled for August 1, 2024, before the Honorable U.S. District Court Judge Rosemary Marquez. The United States agrees with the calculations and recommendations contained in the Presentence Report ("PSR", Doc. 35).

The PSR accurately calculates the defendant's offense level at 17, accounting for enhancements pursuant to USSG §2K2.1(b)(5)(A)[1] and USSG §2K2.1(b)(6)(A).[2]  (PSR ¶13-14).  The PSR calculation further includes a three-level downward adjustment for acceptance of responsibility.   (PSR ⌿ 20-21). The defendant falls into criminal history

---

[1] For conviction under 18 USC §933(a)(2).

[2] For possession of firearm while attempting to leave U.S.

category I, and his resulting guideline range is 24-30 months incarceration. (PSR p.10). The PSR recommends a sentence of the low end of the guideline range, which is 24 months incarceration.  The government agrees this is an appropriate sentence.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1). The sentenced imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

To the defendant's credit, he has no criminal history.  However, he should not have possessed firearms at all given his lack of status in this country.  His decision to smuggle handgun parts and ammunition for money was not spur of the moment.  He had time to think about his conduct before reaching the border.  In addition, he attempted to flee into Mexico rather than submit to authorities.  It is no surprise that firearms and ammunition illegally smuggled across the border often end up in the hands of cartel members in Mexico. Smuggling weapons and ammunition, as the defendant attempted to do in this case, puts the citizens of Mexico, and the United States, at risk.

Based on the specifics of this crime and the defendant's history and characteristics, the recommended sentence of 24 months imprisonment is appropriate.  The recommended sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

///

///

///

Respectfully submitted this 26th day of July, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Julie A. Sottosanti*
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
Other means this 26th day of July, 2024, to:

All ECF Participants