JON M. SANDS
Federal Public Defender
ÁNGELES ELLIS
Assistant Federal Public Defender
Puerto Rico Bar No. 20912
407 W. Congress St., Suite 501
Tucson, AZ 85701
Telephone: (520) 879-7500
*angeles_ellis@fd.org*
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America,<br>Plaintiff,<br><br>vs.<br><br>Everardo Rodriguez Herrera,<br>Defendant. | CR23-02117-TUC-RM (MAA)<br><br>**SENTENCING MEMORANDUM &**<br>**OBJECTIONS TO THE PSR** |
|---|---|

Mr. Rodriguez-Herrera is a nineteen-year-old man before the Court for charges related to smuggling a weapon. He was indicted on December 6th, 2023, for attempting to smuggle a weapon across the U.S./Mexico Border, being an alien in possession of a firearm, and trafficking in firearms. [ECF Doc. 8] The offense involved no aggravating factors. He has no prior felonies or convictions involving drugs, victims, weapons, or violence. He signed a plea agreement offered by the prosecution admitting to Count 3 of the indictment, felony receipt of a firearm. [ECF Doc. 31] The plea agreement states that the parties stipulate that the sentence shall not exceed the low end of the applicable sentencing range.

On November 9, 2023, Customs and Border Patrol agents detained him attempting to cross the U.S./ Mexico border through the pedestrian lane of the POE. After detaining him and patting him down they found an unassembled handgun along with some loose ammunition. [PSR ¶5] He admitted in a post-Miranda interview that he had agreed to smuggle the weapon in exchange for $1000.00. In essence, Mr. Rodriguez-Herrera's

1

participation was in direct response to the financial desperation he found himself in trying to sustain his wife and baby.  [PSR ¶ 35]

As a result of this conviction, he will be deported and unable to return to the United States.  If he attempts to enter the United States in the future, he will face considerable amount of time behind bars.

Objections to the Presentence Report

The PSR's assessment of the base offense level was established at base level fourteen pursuant to USSG §2K2.1(a)(6).  The defense concedes that this is the correct base offense level, however, objects to the additional enhancements pursuant to USSG § 2K2.1(b)(5)(A) and §2K2.1(b)(6)(A). Both enhancements are inappropriate, because the conduct penalized under these two enhancements is already accounted for in the base level offense.   Under USSG §2K2.1(a)(6), the base level is 14, if the defendant (A) was a prohibited person at the time the defendant committed the instant offense; (B) is convicted under 18 U.S.C. § 922(d), § 932, or § 933.  Title 18 U.S.C. § 933 penalizes the following acts:

(1) ship, <u>transport, transfer</u>, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting <u>interstate or foreign commerce,</u> if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)).

(2) <u>receive from another person any firearm in or otherwise affecting interstate or foreign commerce,</u> if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony; or

(3) attempt or conspire to commit the conduct described in paragraph (1) or (2).

In this case, Mr. Rodriguez-Herrera agreed to plea guilty precisely to this offense. Now, the two-level enhancement pursuant to § 2K2.1(b)(5)(A) penalizes that a defendant be convicted under 18 U.S.C. 933(a)(2) or (a)(3), however, this is already account for under

the base offense level, which penalizes all offenses under 18 U.S.C. 933. Interestingly, title 18 U.S.C. 933(b) does not provide for an enhancement if the defendant received the firearm knowing that such receipt was a felony under 933(a)(2) as opposed to a person transferring the firearm to someone else under subsection (a)(1). The distinction then created under the sentencing guidelines is therefore inappropriate. It would essentially count the same offense twice.

As to the four-level enhancement pursuant §2K2.1(b)(6)(A), the guideline penalizes that the defendant "possessed any firearm or ammunition <u>while leaving or attempting to leave the United States</u>, ...". Again, this conduct is already accounted for in the base offense level under 2K2.1(a)(6). Noting that the offense level is attributed to an offense under 19 U.S.C. 933, this offense encompasses both the receipt and the transfer of any firearm to another person in or otherwise affecting <u>interstate OR foreign</u> commerce. 18 U.S.C. § 933

If the Court were to grant the objections herein noted, the proper calculations then would be as follows:

| | |
|---|---|
| Base offense level | 14 |
| Acceptance of Responsibility | -2 |
| Acceptance of Responsibility | -1 |
| **Total Offense Level** | 11 |

Mr. Rodriguez-Herrera has no criminal history, so a score of zero is applied, which places him in Criminal History Category I. A total offense level of 11 and a CHC I, places him in a sentencing guidelines range of 8 – 14 months. He has been in custody now for a little over eight months. If the Court adopts the defense's arguments, it should sentence Mr. Rodriguez-Herrera to time served.

Based on the arguments discussed above, the defense requests that the Court grant the defense's objection and impose the sentence requested.

RESPECTFULLY SUBMITTED:        July 29, 2024

JON M. SANDS
Federal Public Defender

*s/ Angeles Ellis*
ANGELES ELLIS
Assistant Federal Public Defender